**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **VANESSA MENJIVAR,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **CIVIL ACTION NO. 4:22-cv-1063** |
| | § | |
| **FAMILY DOLLAR STORES OF** | § | **Jury Demand** |
| **TEXAS, LLC,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

## INDEX OF STATE COURT DOCUMENTS

| <u>**DOCUMENT**</u> | | <u>**DATE**</u> |
|---|---|---|
| 1. | Plaintiff's Original Petition | 02/25/2022 |
| 2. | Return of Service of Citation | 03/03/2022 |
| 3. | Defendant's Original Answer | 03/25/2022 |
| 4. | Civil Docket Sheet | |

**1**

2/25/2022 5:07 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 62107675
By: Cecilia Thayer
Filed: 2/25/2022 5:07 PM

CAUSE NO. _____

| | | |
|---|---|---|
| VANESSA MENJIVAR | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| FAMILY DOLLAR STORES OF | § | |
| TEXAS, LLC | § | _____JUDICIAL DISTRICT |
| | § | |
| *Defendant.* | § | |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Vanessa Menjivar ("***Plaintiff***") files this Original Petition against Defendant Family Dollar Stores of Texas, LLC ("***Defendant***"), and would show that:

### DISCOVERY CONTROL PLAN

1.     Plaintiff intends to conduct Discovery under Level 3 and requests the issuance of a Level 3 discovery control plan.

### PARTIES

2.     Plaintiff is an individual who is a resident of Harris County, Texas.

3.     Defendant is a foreign corporation doing business in Texas and may be served through its registered agent, C T Corporation System at, 1999 Bryan St., Ste. 900, Dallas, TX, 75201, or wherever they may be found. Plaintiff requests issuance of citation to Defendant.

### JURISDICTION AND VENUE

4.     Jurisdiction is proper in this Court because the amount-in-controversy is within the jurisdictional limits of this Court.  Plaintiff seeks monetary relief of more than of monetary relief over $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.

5.      Venue is proper in this Court because a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this county.

## FACTUAL BACKGROUND

6.      On or about April 24, 2021, Plaintiff was at the Defendant's store, located at 1506 Federal Road, Houston, Texas 77015 (the "***Premises***"). On that date, Plaintiff was walking down an aisle in the Premises with her daughter, looking at merchandise on the shelves to their left and right.  As Plaintiff continued down the aisle, both she and her daughter unexpectedly slipped on a puddle of cleaning liquid. While her daughter managed to catch herself on one of the shelves, Plaintiff fell and struck her tailbone on the floor. The cleaning liquid leaked from a busted "Awesome Kitchen Cleaner" bottle. There were no signs, markings, or warnings that the area was wet, slippery, or dangerous.

7.      Defendant failed to notify anyone or place any warnings, barricades, or spotters to warn of the existence of the puddle of cleaning fluid on their floor.

8.      Defendant knew or should have known of the dangerous condition on their Premises which includes the puddle of cleaning fluid. Defendant disregarded the safety of its patrons including Plaintiff when they failed to clean up the hazardous condition of the puddle of cleaning fluid on the Premises.

9.      As a result, Plaintiff suffered serious bodily and serious loss for which they seek redress.

## CAUSES OF ACTION

### Count One Against Defendant
**(Negligence – Premises Defect Theory)**

10.      Plaintiff incorporates by reference all paragraphs of this Petition here.

11.     At all material times, Defendant was the "owner" and "possessor" of the Premises as that term is construed under Texas law.  Defendants maintained control over the Premises where Plaintiff was injured.

12.     Defendant owed Plaintiff a duty of ordinary care in maintaining a safe environment, including a responsibility to inspect and make safe any dangerous condition or give adequate warning of any hazardous conditions on the Premises.

13.     Defendant breached their duty of ordinary care and are liable to Plaintiff for negligence by:

    a.      Failing to inspect and make safe any dangerous condition on the Premises;

    b.      Failing to adequately inspect the Premises for dangerous conditions such as the puddle of cleaning liquid on the aisle floor;

    c.      Failing to give adequate warning of any hazardous conditions on the Premises;

    d.      Failing to adequately warn of the puddle of cleaning liquid on the Premises;

    e.      Failing to care for the Premises in a reasonable manner;

    f.      Failing to ensure the aisles on the Premises were reasonably safe;

    g.      Failing to promptly clean up the puddle of cleaning liquid from the Premises;

    h.      Failing to develop and implement proper safety protocols for inspecting the premises for spills;

    i.      Failing to develop and implement proper safety protocols for promptly cleaning up spills on the Premises;

    j.      Failing to develop and implement proper safety protocols for reporting any dangerous conditions found on the Premises;

    k.      Failing to develop and implement proper safety protocols for fixing or cleaning up any dangerous conditions on the Premises;

l.    Failing to enforce any existent precautionary measures and safety protocols relating to the inspection of the Premises;

m.    Failing to enforce any existent precautionary measures and safety protocols for reporting any dangerous conditions found on the Premises;

n.    Failing to enforce any existent precautionary measures and safety protocols relating to fixing or cleaning up any dangerous conditions on the Premises;

o.    Disregarding the safety of Plaintiff; and

p.    Other acts deemed negligent.

14.    Each and all of the above and foregoing acts, both of omission and commission, singularly or in combination with others, constituted negligence, which proximately caused the occurrence made the basis of this suit and Plaintiff's injuries and damages.

## Count Two Against Defendant
### (Negligence - Vicarious Liability)

15.    Plaintiff incorporates by reference all paragraphs of this Petition here.

16.    At all material times, Defendant's employees were acting in the course and scope of their employment with Defendant. The incident made the basis of this suit is a direct and proximate result of the negligence of Defendant's employees. Therefore, Defendant is liable under the doctrine of *respondeat superior* for the acts and omissions of their agents, servants, employees, and statutory employees and agents, including the janitorial staff, security, maintenance staff, or any other staff member in charge of keeping the Premises clean, free of hazards, and safe for customers.

17.    Moreover, Defendant was negligent by failing to properly train and supervise its employees, who in turn failed to warn Plaintiff of the dangerous situation and thus caused her injuries.

18.     The acts and/or omissions committed by Defendant's agents, servants, and/or employees were performed during the course and scope of their employment with Defendant, which proximately caused the damages pled herein.

19.     Each and all of the above and foregoing acts, both of omission and commission, singularly or in combination with others, constituted negligence, which proximately caused the occurrence made the basis of this suit and Plaintiff's injuries and damages.

## Count Three Against Defendant
### (Gross Negligence)

20.     Plaintiff hereby incorporates by reference all paragraphs in this Petition here.

21.     Defendant's conduct as described above constituted gross negligence in that its acts or omissions, when viewed objectively from the standpoint of Defendant at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff.

22.     Therefore, Plaintiff is entitled to, and seeks, exemplary damages in this action under Sections 41.001 et seq. of the Texas Civil Practices and Remedies Code.

## DAMAGES

23.     Plaintiff's damages include, *inter alia*, injuries to their lower back and right leg which has resulted in severe pain, physical impairment, discomfort, mental anguish, distress, and other medical problems.  Plaintiff has incurred medical expenses, and is likely to incur future medical expenses, for the treatment of injuries caused by Defendant's negligence. Therefore, Plaintiff brings suit for the following damages:

a.   Past and future medical expenses;

-5-

b.  Past and future physical pain and suffering;

c.  Past and future mental anguish;

d.  Past and future physical impairment;

e.  Past and future physical disfigurement;

f.  Past and future lost wages and lost earning capacity; and

g.  Exemplary damages.

## DEMAND FOR JURY TRIAL

24.  Plaintiff demands a trial by jury on all claims.

## PRAYER

Plaintiff prays that Defendant be cited to appear herein and, after a trial on the merits, that the Court enter judgment awarding Plaintiff actual damages and additional damages as allowed by law, exemplary damages, costs of court, pre- and post-judgment interest to the maximum extent as allowed by law, and all such other and further relief, both general and special, at equity and at law, to which Plaintiff may be justly entitled.

Respectfully submitted,

**ARMSTRONG & LEE LLP**

By: _/s/ C.J. Baker_
    C.J. Baker
    State Bar No. 24086719
    Joshua D. Lee
    State Bar No. 24100139
    Adam M. Grable
    State Bar No. 24120859
2900 North Loop West, Ste. 830
Houston, Texas 77092
Telephone:    (832) 709-1124
Facsimile:     (832) 709-1125
cjbaker@armstronglee.com
jlee@armstronglee.com
agrable@armstronglee.com
service@armstronglee.com
**Attorneys for Plaintiff**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Juan Castillo on behalf of C.J. Baker
Bar No. 24086719
jcastillo@armstronglee.com
Envelope ID: 62107675
Status as of 2/28/2022 8:16 AM CST

Associated Case Party: Vanessa Menjivar

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| C.J. Baker | | cjbaker@armstronglee.com | 2/25/2022 5:07:23 PM | SENT |
| Joshua Lee | | jlee@armstronglee.com | 2/25/2022 5:07:23 PM | SENT |
| Adam M.Grable | | agrable@armstronglee.com | 2/25/2022 5:07:23 PM | SENT |
| Armstrong & Lee LLP Service | | service@armstronglee.com | 2/25/2022 5:07:23 PM | SENT |

**2**

3/3/2022 5:34 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 62288760
By: jessica stanton
Filed: 3/3/2022 5:34 PM

### CAUSE NO. 2022-12091

| | | |
|---|---|---|
| VANESSA MENJIVAR<br>**PLAINTIFF** | §<br>§<br>§ | |
| VS. | §<br>§ | IN THE 164th District Court |
| FAMILY DOLLAR STORES OF TEXAS,  LLC<br>**DEFENDANT** | §<br>§<br>§<br>§<br>§<br>§ | HARRIS COUNTY, TX |

### RETURN OF SERVICE

**ON Thursday, March 3, 2022 AT 11:01 AM**
CITATION, PLAINTIFF'S ORIGINAL PETITION for service on FAMILY DOLLAR STORES OF TEXAS LLC
(A FOREIGN CORPORATION) C/O REGISTERED AGENT C T CORPORATION SYSTEM came to hand.

**ON Thursday, March 3, 2022 AT 2:31 PM, I, DON  ANDERSON, PERSONALLY DELIVERED
THE ABOVE-NAMED DOCUMENTS TO:** FAMILY DOLLAR STORES OF TEXAS LLC (A FOREIGN
CORPORATION) C/O REGISTERED AGENT C T CORPORATION SYSTEM, by delivering to George
Martinez, 1999 BRYAN ST STE 900, DALLAS, DALLAS COUNTY, TX 75201.

My name is DON  ANDERSON. My address is 1900 Brown, BALCH SPRINGS, TX 75180. I am a
private process server certified by the Texas Judicial Branch Certification Commission (PSC 4232,
expires 8/31/2022). My e-mail address is info@easy-serve.com. My date of birth is 7/14/1956. I am
in all ways competent to make this statement, and this statement is based on personal knowledge. I
am not a party to this case and have no interest in its outcome. I declare under penalty of perjury
that the foregoing is true and correct.

Executed in DALLAS COUNTY, TX on Thursday, March 3, 2022.

/S/ DON  ANDERSON

Menjivar, Vanessa

Doc ID: 294166_1

CAUSE NO. 202212091

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO: 960157  TRACKING NO: 73978019
EML

| Plaintiff: | In The 164th |
| MENJIVAR, VANESSA | Judicial District Court of |
| vs. | Harris County, Texas |
| Defendant: | 201 CAROLINE |
| FAMILY DOLLAR STORES OF TEXAS LLC | Houston, Texas |

## CITATION CORPORATE

**THE STATE OF TEXAS**
**County of Harris**

**To:     FAMILY DOLLAR STORES OF TEXAS LLC (A FOREIGN CORPORATION) MAY BE SERVED**
**THROUGH ITS REGISTERED AGENT**
**C T CORPORATION SYSTEM**
**1999 BRYAN ST STE 900, DALLAS TX 75201**
**OR WHEREVER THEY MAY BE FOUND**

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on February 25, 2022 in the above cited cause number and court.  The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.**  You may employ an attorney.  If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.  These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.

This citation was issued on March 3, 2022, under my hand and seal of said court.

*Marilyn Burgess*

Issued at the request of:

BAKER, CHRISTOPHER JAMES
2900 NORTH LOOP WEST STE 830
HOUSTON, TX  77092
832-709-1124
Bar Number: 24086719



Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE  Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By:CECILIA THAYER

**3**

3/25/2022 8:22 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 62947682
By: Iris Collins
Filed: 3/25/2022 8:22 AM

CAUSE NO. 2022-12091

| | | |
|---|---|---|
| VANESSA MENJIVAR, | § | IN THE DISTRIC COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| FAMILY DOLLAR STORES OF TEXAS, | § | |
| LLC, | § | |
| | § | |
| Defendant. | § | 164TH JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

COMES NOW FAMILY DOLLAR STORES OF TEXAS, LLC ("Defendant") and files this its Original Answer and in support thereof would show the Court as follows:

### I.
### GENERAL DENIAL

Defendant places in issue all matters contained in Plaintiff's Original Petition, and any amendments thereto, by general denial, pursuant to Rule 92 of the Texas Rules of Civil Procedure.

### II.
### JURY DEMAND

Defendant respectfully demands a trial by jury.

### III.

Defendant asserts that in accordance with Section 33.013 of the Texas Civil Practices & Remedies Code, Defendant shall only be liable to Plaintiff for the percentage of the damages found by the trier of fact equal to Defendant's percentage of responsibility, if any.  Defendant further asserts that in accordance with Section 33.013 of the Texas Civil Practice & Remedies Code, Defendant may not be held jointly and severally liable for any amount of damages claimed herein unless the percentage of responsibility of Defendant, when compared with that of each

**DEFENDANT'S ORIGINAL ANSWER**                                                      **PAGE 1**

responsible party, each settling person, and each responsible third party, is greater than fifty percent (50%).

### IV.

Defendant invokes the limitation on liability for medical or health care expenses as provided by section 41.0105 of the Texas Civil Practice & Remedies Code.  Specifically, Plaintiff is limited to recovery of medical or health care expenses actually paid or incurred by or on behalf of Plaintiff, not to include amounts adjusted, discounted or written-off.

### V.

Defendant asserts that Plaintiff's damages with respect to loss of earnings and/or loss of earning capacity, if any, are limited to a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law, pursuant to section 18.091 of the Texas Civil Practice and Remedies Code.

### VI.

Defendant hereby invokes its entitlement to all definitions, instructions, defenses and limitations provided by Chapter 41 of the Texas Civil Practice & Remedies Code, including but not limited to, sections 41.003, 41.004, 41.005, 41.006, 41.007, 41.008, 41.009, 41.010, 41.011 and 41.012.

### VII.

Defendant denies any alleged act or omission under the circumstances herein justify any claim for exemplary or punitive damages.  Such claims as against Defendant are in violation of the 5th and 14th Amendments to the United States Constitution, and Article 1, sections 3 and 19 of the Texas Constitution, in that such claims as made are arbitrary, unreasonable, and in violation of Defendant's rights to due process and equal protection of the law.  Plaintiff's claims

are unconstitutionally vague to the extent that any claims of Plaintiff against Defendant should be proven beyond a reasonable doubt under the 6th Amendment of the United States Constitution, as opposed to a mere clear and convincing evidence.  Defendant further asserts that any claim for punitive damages in a civil matter constitutes an excessive fine in violation of the 8th Amendment to the United States Constitution.

## VIII.

Defendant further pleads that if prejudgment interest is recoverable in this case, it is limited in accordance with section 304.101, et seq. of the Texas Finance Code.

## IX.

Defendant further pleads that if post-judgment interest is recoverable in this case, it is limited in accordance with section 304.003(c) of the Texas Finance Code.

## X.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant hereby places the parties to this suit on notice of its intent to use all documents produced by the parties in response to written discovery in all pretrial proceedings and/or at trial of the above-entitled and numbered cause.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing by this suit, that Defendant recover all costs, and for such other and further relief to which Defendant may show itself to be justly entitled, both at law and in equity.

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**


By:    */s/ Kenneth C. Riney*
       Kenneth C. Riney
       State Bar No. 24046721
       E-Mail: kriney@krcl.com

901 Main Street, Suite 5200
Dallas, Texas 75202
Telephone:   (214) 777-4200
Facsimile:   (214) 777-4299

**ATTORNEYS FOR DEFENDANT FAMILY DOLLAR STORES OF TEXAS, LLC**


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of foregoing has been served on the 25th day of March 2022, as follows:

**VIA E-SERVICE: service@armstronglee.com**
C.J. Baker/Joshua D. Lee/Adam M. Grable
**ARMSTRONG & LEE LLP**
2900 North Loop West, Suite 830
Houston, TX  77092


*/s/ Kenneth C. Riney*
Kenneth C. Riney

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lisa Jones on behalf of Kenneth Riney
Bar No. 24046721
ljones@krcl.com
Envelope ID: 62947682
Status as of 3/25/2022 8:26 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Joshua Lee | | jlee@armstronglee.com | 3/25/2022 8:22:30 AM | SENT |
| Armstrong & Lee LLP Service | | service@armstronglee.com | 3/25/2022 8:22:30 AM | SENT |
| LISA ENDTRICHT | | lendtricht@krcl.com | 3/25/2022 8:22:30 AM | SENT |
| C.J. Baker | | cjbaker@armstronglee.com | 3/25/2022 8:22:30 AM | SENT |
| Adam M.Grable | | agrable@armstronglee.com | 3/25/2022 8:22:30 AM | SENT |
| KENNETH C.RINEY | | kriney@krcl.com | 3/25/2022 8:22:30 AM | SENT |
| ASHLEY TYCHER | | arivera@krcl.com | 3/25/2022 8:22:30 AM | SENT |

**4**

**HCDistrictclerk.com**      MENJIVAR, VANESSA vs. FAMILY DOLLAR STORES      4/1/2022
OF TEXAS LLC
Cause: 202212091      CDI: 7      Court: 164

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| 101069698 | Defendant's Original Answer | | 03/25/2022 | 5 |
| 100700664 | Return of Service | | 03/03/2022 | 2 |
| 100603995 | Plaintiff's Original Petition | | 02/25/2022 | 7 |
| -> 100603996 | Request for Issuance of Service | | 02/25/2022 | 1 |